*Apperson* for plaintiffs.

MOORE
*vs*
MARTIN.

assent to it, or it is done necessarily in discharge of business which an agent is employed to do.

## Moore *vs* Martin.

APPEAL FROM THE LOUISVILLE CHANCERY COURT.

*Quantum Valebant.    Excessive damages.*

JUDGE EWING delivered the Opinion of the Court.

CHANCERY.

Case 34.

December 8.

THIS is a suit in Chancery, brought by Martin to enforce his lien upon a note upon Thompson *et al.* pledged to him by Moore, to secure him a reasonable compensation for services to be performed by him as civil engineer, in surveying a route for a rail road from Grand Gulf to Jackson, about sixty miles, in the state of Mississippi, and making out maps, profiles and estimates.

Martin was to do the service for a *reasonable price*, and we think the amount claimed is unreasonable and unconsciencious, and bears no just proportion to the time employed and skill and qualification necessary to bring to the work.

Mr. Vanrensellaer, it is true, states that he *thinks*, from his general knowledge of the country, that the work was worth one hundred dollars a mile; and it is proven by another witness that the distance surveyed was about

*The case stated.*

*The proof in the cause.*

Moore
vs
Martin.

sixty miles. But what was his knowledge of the country is not stated; nor does he pretend to make an estimate of the costs or expenses; nor does he state, with certainty, what it was worth: but he *thinks* it was worth the amount stated. And another witness gives an account of an extravagant allowance made by a company to another civil engineer, for a small job, which in no wise is shown to be a reasonable compensation, and can form no test of the reasonableness of the demand set up by the complainant. On the other hand, the defendant below denies that the service was reasonably worth so much; and it appears that at the very time that the work was performed, (which at the farthest, required only two months to perform it,) the complainant was engaged as a civil engineer for another company, at an annual salary of only $2500. The acceptance of such a salary, for his services in the like business, must be regarded as an estimate placed by himself, upon his own services, which he deemed reasonable.

Though Mr. Vanrensellaor *thinks* the service was worth $6000, when the nature and character of the service, and length of employment is given, it must be conceded to the Chancellor and to this Court, to have some idea of the reasonable compensation that should be allowed.

<span style="margin">$6000 for the services of a civil engineer in making a survey, making maps, profiles and estimates for a rail road from Grand Gulf to Jackson, Mississippi, (about 60 miles) and all expenses borne, requiring 2 months labor only, is unreasonable and unconsciencious—A jury is a proper tribunal to which to refer the ascertainment of the proper sum to be allowed by the chancellor. *Suggestion.*</span>

If this Court be indulged in *thinking*, we must say that we *think* the allowance claimed and attempted to be proved by one of the craft, is exorbitant and unreasonable. It is more per day, after deducting $1700 for expenses, which is the highest amount attempted to be proven, than is allowed to the President of the United States; near six times as much as is allowed to the Judges of the Supreme Court; more than four times as much as is allowed to the heads of the departments at Washington; more than eight times as much as the Chancellor at Louisville receives, and ten times as much as the complainant's stipulated salary for like services. And all those high functionaries, except the President, have to furnish their own houses and to bear their own expenses, as well as that of their household, out of the salary allowed, when it is inferrable that the whole personal ex-

penses of the complainant is included in the aggregate estimate for expenses, which is deducted before the comparison is made. We cannot believe that it requires more talents or a longer course of study, toil, labor and intense thought, to qualify a man to perform the duties of civil engineer, than it requires to perform the responsible duties of the high functionaries named. The amount claimed exceeds seventy dollars per day, when the complainants annual salary falls short of seven dollars per day. Now, though as the service performed was a single job and could be performed in a short time, and in its performance the complainant had to take upon himself all the expenses in the first instance, a more liberal allowance should be made per day or *per month, than his annual salary would amount to, yet we think ten times as much, or seventy instead of seven dollars per day, is beyond all just proportion, and is, at first blush, unreasonable and unconsciencious. The employer, estimating the probable cost by the annual amount which he received, could not have anticipated a charge so extravagant.

But though we are satisfied that the amount decreed is exorbitant, and cannot be sustained, we feel some difficulty in fixing upon the precise amount that should be allowed. And as the case will have to be reversed, we will not attempt to do so, but will suggest the propriety, upon the return of the cause, of submitting an inquiry to a jury, to ascertain and fix the amount upon an issue to them directed, with a view to that object. Upon the trial of such an issue, more satisfactory evidence may possibly be adduced, and if it should not be, the assessment of unliquidated damages for services rendered, falls more appropriately within their province; is more consistent with the genius of our institutions, and would likely be more satisfactory to the parties.

The decree of the Chancery Court is reversed, and cause remanded for further proceedings, to ascertain and fix more certainly the amount of compensation, either by inquisition or otherwise; and the appellant is entitled to his costs in this Court.

*Guthrie* for appellant; *Pirtle* for appellee.