*J. F. Montgomery, for appellant.*

---

EDWARD C. PFINGST, ET AL., *v.* THOMAS E. WILSON'S EX'R.
SAME *v.* JAMES GAULT & SON.

**Mortgage Foreclosure—Sale of Property on Decree.**
Where a sale of property on decree of foreclosure is set aside, and on a resale is purchased by a second buyer, who pays a part of the purchase money, and on appeal by the first purchaser said second sale is set aside and the first sale confirmed, the second purchaser is entitled to a rule requiring the repayment of his purchase money.

**Trial by Jury.**
The chancellor may submit questions of fact to the decision of a jury, but he cannot be required by parties litigating in his court to submit any questions to a jury.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 15, 1877.

OPINION BY JUDGE COFER:

Under a judgment of the Louisville Chancery Court ordering the sale of certain property, known as the Louisville Chemical Works, to satisfy two mortgages, one to the Masonic Saving Bank and the other to the appellee, Garvin H. Cochran, executor of the last will of Thomas E. Wilson, the marshal of that court, on the 26th day of May, 1873, sold said property at auction, when the appellants, E. C. and H. A. Pfingst, became the purchasers at the sum of $12,000, for which they executed bond as required by the judgment. The

sale was reported to the court June 6, and June 23, upon exceptions filed by Cochran and an offer to bid $14,000 for the property if a resale was ordered, the court set aside the report of the sale and ordered the property to be resold, which was done on the 16th day of July, when Cochran became the purchaser at $14,000. He gave bonds according to the directions in the judgment and the sale was reported to and confirmed by the court.

From the order setting aside their purchase and directing a resale, and the order confirming the second sale, Pfingsts appealed to this court, which reversed said orders and remanded the cause with directions to confirm the first sale. The mandate of this court reversing these orders was entered in the court below December 24, 1874, and January 25, 1875, the sale to Pfingsts was confirmed. In the meantime Cochran had paid into court on his purchase about $9,000, which had been withdrawn by the Masonic Savings Bank, and, on his motion, the bank was ordered to bring into court for Cochran the amount so withdrawn, and on motion of the bank a rule nisi was awarded against the appellants to pay the amount of their bonds.

In response to the rule they responded, among other things not necessary to be stated, setting forth the facts in regard to their purchase, the order for a resale, the purchase by Cochran, and the reversal of the orders of the chancery court and the confirmation of the first sale as above stated, and averring that Cochran, immediately after the confirmation of the sale to him, took possession of it until January 25, 1875, and that the use and occupation thereof was reasonably worth the sum of $2,000 per annum, and that while he so held possession said premises had, by his neglect, been permanently damaged in the sum of $1,500. They prayed the court to frame an issue between themselves and Cochran regarding these matters and demanded a trial thereof by a jury. As to the sum of $9,071.78, being the excess of the amount due on the bonds for the purchase money over the amount claimed for the use and occupation of the property and permanent injury thereto while in Cochran's possession, the response was adjudged insufficient and the rule made absolute. And in obedience to that order the appellants, on the 10th day of February, 1875, paid into court the sum of $9,095.98, being the amount ordered to be paid with interest thereon. No disposition seems to have been made of the residue of the response, and so far as appears that rule is still pending.

February 19, on motion of Cochran, a rule was awarded against

the appellants to pay into court the balance due on their bonds or show cause to the contrary. In response to that rule they set up the pendency of the previous rule awarded on motion of the bank, and also the same matters already stated as set forth in the response to the first rule.

In the suit in which the judgment for a sale of the property was rendered, the appellee, Gault, asserted a lien on the property under the mechanic's lien law, and the judgment provided that his lien should be transferred to the proceeds of the sale, and if finally sustained should be satisfied out of the purchase money. His lien was sustained, and on his motion, February 27, a rule was awarded against the appellants to pay the amount thereof or show cause to the contrary. To this rule they made the same response as to the others. April 9, 1875, the rule awarded on the motion of Gault was made absolute, and an attachment was awarded against the appellants, but the amount required to be paid is not stated in the order.

April 16 the rule awarded on motion of Cochran was made absolute as to the sum of $160.51, and an attachment was awarded to compel the payment of that sum also, and January 21, 1876, upon final hearing of Cochran's rule, it was made absolute as to the sum of $3,232.02, with interest from February 10, 1875, the court holding that the appellants, having been kept out of possession in consequence of the erroneous order setting aside their purchase, were not liable for interest on the purchase money except from a period ten days subsequent to the entering of the mandate of this court directing the confirmation of the sale to them.

From these orders these appeals are prosecuted.

The first error complained of is that the court refused to sustain the plea of another rule pending and to dismiss Cochran's rule on that ground. The plea was not available. The rule relied upon was not in the name of Cochran, but in the name of the bank.

The bank had a prior lien, and Cochran was entitled to what might remain after liens prior to his own were satisfied; and as junior encumbrancer he had the same right to have the fund brought into court that the superior liens might be satisfied and the amount coming to him ascertained and paid over, that a junior mortgagor has to compel the foreclosure of prior mortgages and a distribution of the proceeds of the sale of the mortgaged property. Moreover, it seems from the record that the bank has been satisfied, and therefore has no interest in the fund and no right to require it to be brought in.

The next ground urged for a reversal is that the court erred in refusing to submit the questions of fact raised by the response to a jury. We do not know of a case, and none has been cited, in which it was held that the chancellor can be required by parties litigating in his court to submit questions of any character to the decision of a jury. Whether he will do so is a question addressed to his discretion, and the exercise of that discretion cannot be controlled by this court.

Counsel cites the case of *Moore v. Martin,* 1 B. Mon. 97, as an authority in point, but an examination of the opinion will show that this court did not direct the chancellor to employ a jury to aid him in finding the facts. The court said there was some difficulty in ascertaining the amount that should be allowed Martin for his labor and expenses in surveying the route of a proposed railroad, for which Moore had agreed to pay him, and as the judgment must be reversed they would not attempt to fix the amount, and suggested to the chancellor that he submit the matter to a jury. The language employed shows that the court did not reverse the judgment because a jury had not been called to pass upon the facts and fix the amount due, and that even when reversing upon other grounds the court was careful to abstain from the use of the language of authority, and to confine itself to a mere suggestion.

The debt due to Cochran was due to him in his capacity of executor of Wilson, and not to him as an individual, and any claims the appellants may have against him on account of the use and occupation of the property is against him as an individual, and for that reason, if for no other, cannot be used to affect what is due him. Waterman on Set-Off, Counterclaim and Recoupment, Sec. 382.

In its order making the rule absolute the court ascertained that the appellants were out of possession from the 3d of October, 1873, to the 3d day of January, 1875, and adjudged that they should not be required to pay interest on their bonds for that time. Excluding only the time thus fixed and computing interest for the remainder of the time, the amount fixed in the judgment was not more than was due.

We see no valid objection to the order to pay Gaults. The judgments and orders appealed from are *affirmed.*

*William Reineke, for appellants.*

*George Weisenger, for appellees.*